UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paulo K. Mwassa,<br><br>    Plaintiff,<br><br>v.<br><br>Presbyterian Homes and Services,<br><br>    Defendant. | Case No. 19-cv-01511 (SRN/HB)<br><br><br>**ORDER** |

Paulo K. Mwassa, 2650 Scotland Ct., Apt. 208, Mounds View, MN 55112, Plaintiff, Pro Se.

Meggen E. Lindsay and Penelope J. Phillips, Felhaber Larson, 220 S 6th St. Suite 2200, Minneapolis, MN, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on Plaintiff Paulo K. Mwassa's Motion for Review of Taxation of Costs [Doc. No. 124]. For the reasons set forth below, Mr. Mwassa's Motion is denied.

    Mr. Mwassa filed suit against Defendant Presbyterian Homes and Services ("PHS") on June 7, 2019, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* (Compl. [Doc. No. 1].) The Court granted summary judgment to PHS on all of Mr. Mwassa's claims on March 3, 2022. [Doc. No. 112.]

    Judgment was entered on March 7, 2022, [Doc. No. 113], and PHS filed a claim for $1,190.70 in costs on March 16, 2022. (Bill of Costs [Doc. No. 114].) Mr. Mwassa objected to the Bill of Costs alleging that PHS filed it prematurely and improperly requested certain

deposition costs. (Pl.'s Opp'n to Bill of Costs [Doc. No. 118] at 1–2.) The same day he filed his objection, Mr. Mwassa appealed the Court's summary judgment decision to the Eighth Circuit. (Notice of Appeal [Doc. No. 120].)

The Clerk of the Court entered cost judgment in favor of PHS on April 19, 2022, for a total of $920.70. (Cost Judgment [Doc. No. 123].) On April 25, Mr. Mwassa filed a Motion for Review of Taxation Costs challenging the award in its entirety. (Pl.'s Mot. for Rev. of Taxation Costs [Doc. No. 124] at 1.) Mr. Mwassa argues that, based on the Local Rules, the cost judgment was improperly entered prior to a final judgment, as the Eighth Circuit had not ruled on his appeal. (*Id.* at 2.) The Eighth Circuit has since ruled in favor of PHS. (Eighth Circuit Opinion [Doc. No. 127]; Eighth Circuit Judgment [Doc. No. 128].)

The prevailing party in a case is entitled to its costs, other than attorney's fees or costs prohibited by the rules or statute. Fed. R. Civ. P. 54(d)(1). A judge or clerk of court may tax costs falling into one or more of several enumerated categories. 28 U.S.C. § 1920. Local Rule 53.4(c) governs the procedure for requesting, objecting to, and entering costs:

> (1) *Bill of Costs.*
> (A) Within 30 days after judgment is entered, a party seeking costs must file and serve a verified bill of costs using a form available from the clerk.
> (B) Within 14 days after being served with the bill of costs, the opposing party may file and serve objections.
> (C) Within 7 days after being served with any objections, the party seeking costs may file and serve a response.
> (2) *Taxing of Costs by the Clerk.* Unless the court directs otherwise, the clerk will tax costs after the bill of costs, any objections, and any response have been filed and served in accordance with LR 54.3(c)(1).

D. Minn. LR 53.4(c)(1)–(2).

Mr. Mwassa's position, that costs cannot be taxed during the pendency of an appeal, finds no support in the Local Rules or in this District. The language that Mr. Mwassa attributes, without citation, to the Local Rules appears nowhere within them. (Pl.'s Mot. for Rev. of Taxation Costs at 2 (arguing that "[l]ocal rules direct the clerk to 'tax costs after the judgment has become final" and providing a definition of "final judgment") (omission of quotation mark in original).) The Local Rules state that the clerk "*will* tax costs after the bill of costs, any objections, and any response have been filed and served." D. Minn. LR 53.4(c)(2) (emphasis added). The plain text of the Local Rules does not make the taxation of costs dependent upon the entry of a "final judgment," nor does it anywhere define "final judgment." *See generally* D. Minn. LR. Indeed, the District of Minnesota Clerk of Court's Bill of Costs Guide squarely addresses this situation: "Bills of Cost will be processed if an appeal is filed or pending." D. Minn., Off. of the Clerk of Ct., Bill of Costs Guide (July 2021), *available at*: https://www.mnd.uscourts.gov/bill-costs.[1]

Moreover, the Eighth Circuit has held that the existence of a pending appeal does not prevent the Court from awarding costs. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011). Other courts in this District have expressly rejected Mr. Mwassa's argument. *See Lockridge v. Per Mar Sec. & Research Corp.*, No. 12–cv–2894 (MJD/JJK), 2015 WL 1000689, at *1 (D. Minn. Mar. 5, 2015); *Abdel-Ghani v. Marketsource, Inc.*, No. 14-cv-4136 (PJS/FLN), 2016 WL 5952740, at *1–2 (D. Minn. Oct. 13, 2016); *Inline

---

[1] Although this guide is not itself legal authority, it is persuasive evidence of the law as it exists within the District of Minnesota regarding the billing of costs.

3

*Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. 15-cv-3183 (ADM/LIB), at *3–5 (D. Minn. Jan. 11, 2019) (Brisbois, Mag. J.).

Here, the Clerk entered cost judgment after PHS filed its Bill of Costs and Mr. Mwassa filed his objections. (Bill of Costs; Pl.'s Opp'n to Bill of Costs; Cost Judgment.) As PHS did not file a response to Mr. Mwassa's objections, all procedural requirements of Local Rule 53.4(c)(1) were satisfied prior to the entry of the cost judgment on April 19. The Court thus finds that the cost judgment was properly entered.

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Review Taxation of Costs, [Doc. No. 124], is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 10, 2023            s/ Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge